NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICARDO MARTIN,

               Plaintiff,

               v.

CUMBERLAND BOARD OF COUNTY
COMMISSIONERS, et al.,

               Defendants.

Civil Action No. 23-3325 (KMW) (MJS)

OPINION

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint  (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted.  Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

I.      **BACKGROUND**

In his complaint, Plaintiff asserts that he is a state criminal pre-trial detainee being held on behalf of Cumberland County at the Hudson County Jail. (ECF No. 1 at 6-7, 10-12.)  Because of the arrangement between the two counties and the progressing closure of the Cumberland County

jail, Plaintiff is required to be transported between Hudson and Cumberland County for court appearances. (*Id.*) During one such transfer on April 3, 2023, the "an 18 wheeler tractor-trailer truck [side] swiped the . . . van" in which Plaintiff was being transported and "dragged it about 10 feet." (*Id.* at 14.) Emergency services were called and soon arrived, at which point all inmates in the van other than Plaintiff and one other indicated they were fine. (*Id.* at 14-15.) One officer was also injured. (*Id.*) Another van soon arrived, and Plaintiff and the other inmates were taken to the Cumberland County jail, near which the accident had occurred. (*Id.*) At the jail, nurse staff employed by Defendant CFG Health System saw to the injured parties, performing a physical exam on Plaintiff and providing him with pain medication. (*Id.*)

After his court appearance, Plaintiff asked unspecified individuals for further medical attention, but was ignored. (*Id.*) Later that day, an incident report was brought to Plaintiff, but he cannot recall whether he signed the form. (*Id.*) The following day, Plaintiff was transported back to Hudson County and saw a doctor who prescribed pain medication. (*Id.* at 16.) An x-ray the following week confirmed that Plaintiff had no broken bones, and instead had a soft tissue injury. (*Id.*) Plaintiff was thereafter provided with physical therapy on a weekly to biweekly basis. (*Id.*) Plaintiff, however, continued to complain of pain and difficulty sitting for long periods of time. (*Id.*) On May 6, 2023, Plaintiff stopped receiving pain medication, but did eventually resume pain medication in June 2023. (*Id.*) However, during a later court trip to the Cumberland County jail, Plaintiff did not receive medication as the Hudson County medical staff did not send any along with him. (*Id.*).

In addition to his complaints related to the van incident, Plaintiff also states that being placed in Hudson County has made communicating with counsel more difficult, which he believes may lead to his counsel being less effective as counsel does not wish to travel the long distance to meet with Plaintiff in person. (*Id.* at 11.) Plaintiff also asserts that, during one transfer in Hudson

2

County, he was required to forgo a shower and recreation for a few days. (*Id.*) Based on all of these allegations, Plaintiff contends that all of the named Defendants have been "grossly negligent" as to his rights. (*Id.* at 1-17.)

## II.   LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In his complaint, Plaintiff first seeks to raise claims against several guards and their supervisors for injuries he suffered in a car accident while being transported between the Hudson and Cumberland County jails, which he contends was the result of the officers' negligence in not securing his seat belt and the supervisors' ignorance of the possible consequences of frequent transports between the jail.    Plaintiff's claims on this account, however, are attempts to constitutionalize what essentially amounts to garden variety negligence. Claims premised on negligent or poor driving, or negligence related to the use of vehicles, however, fail to state a claim for relief under § 1983. *See Scott v. City of Philadelphia*, No. 19-2871, 2019 WL 3530909, at *3 (E.D. Pa. Aug. 1, 2019); *see also Otero v. Catalogne*, No. 08-282, 2010 WL 3883444, at *11 (W.D. Pa. Sept. 28, 2010); *Bryant v. Downs*, No. 09-1670, 2010 WL 2593564, at *5 (M.D. Fla. June 28, 2010); *Grisby v. Cotton*, No. 08-214, 2009 WL 890543, at *1 (S.D. Ga. Mar. 31, 2009). Indeed, Plaintiff's claims regarding the car accident do not suggest even gross negligence – he alleges that the accident was the result of a failure by a truck driver, who side swiped the van, the

4

only contribution to his injuries on the part of the officers comes from the failure to buckle his seat belt – an action which essentially accords with garden variety negligence, which is insufficient to state a claim under the Fourteenth Amendment. *See, e.g., Mulholland v. Government Cnty. Of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013) (Fourteenth Amendment violations require "at a minimum . . . recklessness or 'gross negligence'" and often will instead require at least deliberate indifference, a species of recklessness). Plaintiff's claims related to the van accident thus fail to state a cognizable claim for relief, and must be dismissed as such.[1]

In his next series of claims, Plaintiff seeks to assert that he was denied proper medical care after the accident. To successfully plead a claim for deliberate indifference to medical needs, a plaintiff must in turn plead facts showing that the named defendants were aware of a sufficiently serious medical need on the plaintiff's part, and committed actions or omissions which indicated that they knew of and disregarded that need, which posed an excessive risk to the inmate's health or safety. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff first raises this claim against the two officers involved in the accident, claiming that they did not provide sufficient opportunity for a medical evaluation. Plaintiff specifically alleges, however, that the officers called for emergency services, checked in on each of the inmates, and had the inmates transported to the nearby jail where they were immediately given

---

[1] Although the Court will dismiss Plaintiff's federal claims regarding this incident, the Court need not and does not address a state law negligence claim premised on the same incident, which Plaintiff has not raised in his current complaint. To the extent Plaintiff believes he has a state law claim for relief, he may raise it by filing an appropriate suit in state court.

an examination by nursing staff. Such actions are not indicative of deliberate indifference, and instead suggest the officers did attempt to provide help as needed. Plaintiff has thus failed to state a claim against the two involved officers for deliberate indifference.

Moving beyond the two officers, Plaintiff asserts his claims otherwise against a number of supervisory defendants, including the appropriate county Boards of Freeholders, jail wardens, and the jails' corporate medical providers. To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which would show that the named defendants had personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Where the named defendant is a supervisor, municipal entity, or third party contractor who provides the state with medical services, a plaintiff seeking to show personal involvement in a violation must plead facts which show that the alleged constitutional violation is the result of a policy or custom put into effect by the contractor, municipality, or supervisor.[2] *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A formal policy or custom will be the cause of an alleged violation where it is the "moving force" behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). To plead a formal policy, the plaintiff must plead facts indicating that a decisionmaker with final authority established an applicable formal proclamation, policy, edict, or rule. *Natale*, 318 F.3d at 584. A corporate custom instead exists where a given action has not been formally approved by the decisionmaker, but is "so widespread as to have the force of law." *Id.* To plead a plausible claim, the plaintiff must therefore plead either than a formally instituted policy caused the alleged violation, a policy maker violated

---

[2] Supervisors, as opposed to municipalities or contractors, may also be held liable based on actual knowledge and acquiescence or direct involvement in the events at hand. *See Chavarriaga*, 806 F.3d at 222. Plaintiff, however, pleads no such connection to Defendants here.

6

the plaintiff's rights directly, or the policy maker failed to take affirmative action to address known inadequate existing practices such that the policymaker can be said to have been deliberately indifferent to the risk of harm posed by the practices. *Id.*

Here, Plaintiff fails to plead a supervisory medical claim. He identifies no clear policy which was the moving force behind his alleged injuries, and asserts only that the supervisory bodies and agencies have been "grossly negligent" which falls short of deliberate indifference. As Plaintiff has failed to plead that a policy or custom put into place by the supervisors and contractor Defendants was the moving force behind the alleged violations, and in any event fails to plead facts indicating any of the named supervisors were deliberately indifferent to his needs insomuch as he fails to plead that any supervisor was even aware of the issue, Plaintiff's medical claims against the remaining defendants must be dismissed without prejudice for failure to state a plausible claim for relief.

Plaintiff next attempts to plead that the jail officials have hindered his ability to meet with his criminal attorney and prepare for trial as the Hudson County jail's conferencing and communications systems are often broken and his attorney does not wish to travel to meet him in person. Plaintiff, however, has not pled that there is any impediment to his meeting in person with counsel other than counsel's desire not to travel to see him, nor has Plaintiff pled that he has no ability to meet with counsel during court proceedings and the like. Ultimately, Plaintiff has failed to plead that the named supervisory defendants are personally involved in his lack of meetings with his attorney as it is the attorney, and not those Defendants, who chooses whether or not to visit Plaintiff in person. As Plaintiff has not shown personal involvement with the issue in question, his claims against Defendants on this basis must be dismissed without prejudice.

In his final series of claims, Plaintiff seeks to raise conditions of confinement claims based on his being housed in the Hudson County jail, where he was at times forced to forgo showers and

7

recreation for a few days. Even assuming that such things could serve as the basis for a conditions of confinement claim, Plaintiff has not shown that any of the named Defendants were personally involved in the decisions which led him to being denied showers and recreation for brief periods of time. Indeed, although Plaintiff is clearly unhappy with the conditions of Hudson County, he has not alleged sufficient facts to show that the conditions in question were the result of policies or practices put into place by the named Defendants, or by the direct actions of those Defendants. Without allegations of specific policy decisions that were the moving force behind the alleged conditions, Plaintiff fails to state a plausible claim for relief against the named Defendants. As all of Plaintiff's claims fail to state a plausible claim for relief at this time, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

8